CVCVY\UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ADRIAN BENJAMIN,

                Plaintiff,

           -v-                  3:25-CV-204

CAYUGA ADDICTION RECOVERY
SERVICES, et al.

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:               OF COUNSEL:

ADRIAN BENJAMIN
Plaintiff, pro se
99 Turkey Hill Road
Berkshire, NY 13736

THE LONG LAW FIRM, PLLC      JAMES A. LONG, ESQ.
Attorneys for Defendant Town of
Triangle Court
120 E. Washington St., Suite 928
Syracuse, NY 13202

DAVID N. HURD
United States District Judge

## DECISION and ORDER

## I. INTRODUCTION

On December 10, 2024, plaintiff Adrian Benjamin ("Benjamin" or

"plaintiff"), acting *pro se*, filed a complaint in New York Supreme Court,

Tompkins County alleging violations of his HIPAA rights, defamation, and unlawful arrest against defendants Cayuga Addiction Recovery Services ("CARS"), City of Ithaca, Town of Ithaca, City of Ithaca, Ithaca Police Department ("Ithaca Police"), New York State Troopers ("NYSP"), the Town of Triangle Court (the "Town"), and New York State (collectively the "defendants." Compl., Dkt. No. 2.

On February 11, 2025, the Town removed this action to the Northern District of New York pursuant to 28 U.S.C. §§§ 1331, 1441, and 1446 on the basis that plaintiff's complaint raises a federal question. On March 18, 2025, the Town moved to dismiss plaintiff's complaint, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). In support of their motion, the Town argues that: (1) they are entitled to judicial immunity; (2) plaintiff's state law claims do not comply with New York's General Municipal Law; (3) plaintiff has failed to plead a defamation claim; (4) plaintiff's allegation of failure to respect federal law fails to state a claim; (5) plaintiff's claim that defendant violated his right to privacy fails to state a claim; (6) plaintiff's claim of a HIPAA violation fails as to the Town because they are not a health care provider; and (7) plaintiff failed to properly serve the Town. Def.'s Mem., Dkt. No. 10-1 at 3–9. Plaintiff did not oppose the Town's motion to dismiss, and the time to do so has passed. Dkt. Nos. 10, 13.

The motion has been fully briefed and will be considered on the basis of the submissions without oral argument.  Dkt. Nos. 2, 10-1.

## II.  BACKGROUND

In 2024, Benjamin attended counseling sessions provided by CARS, a substance abuse center, where he with spoke non-defendant counselor and CARS employee Kelsey Ingraham ("Ingraham").  Compl. ¶ 3.  On January 9, 2024, during one such counseling session, plaintiff alleges telling Ingraham he loved her.  Compl. ¶ 4.  On February 2, 2024, during another session, plaintiff alleges smoking marijuana with Ingraham inside the CARS facility.  *Id*. ¶ 4.  The following day, plaintiff claims Ingraham called him from her work phone to thank him for the marijuana he gave her, telling him that she and her boyfriend, Dylan Bartlett ("Bartlett"), enjoyed using it.  *Id*. ¶ 5.

On February 5, 2024, Ingraham asked plaintiff if Bartlett could purchase more marijuana from him, but plaintiff declined.  *Id*. ¶ 6.  However, on February 13, 2024, plaintiff ordered a flower for delivery to Ingraham, along with a note.  *Id*. ¶ 9.  On May 20, 2024, plaintiff alleges that Bartlett stalked him.  *Id*. ¶ 11.  Benjamin contends he contacted "the police" the following day before deciding to dismiss Bartlett's conduct as a lapse in judgment.  *Id*. ¶¶ 5. 12, 13.  From that day until August 9, 2024, but continued to communicate with Ingraham.  *Id*. ¶ 13.  But at some point, plaintiff alleges CARS violated his First Amendment rights by denying his ability to "talk with an

individual."[1]  *Id.*  As a result, on September 3, 2024, plaintiff sent a notice of intent to sue and settlement demand to CARS.  *Id.* ¶ 14.

On September 26, 2024, Ingraham filed an accusatory instrument before the Town, presumably bringing claims against plaintiff.  Compl. ¶ 15. Plaintiff contends this instrument contained his confidential health information and constituted a retaliatory act at the suggestion of defendant CARS.  *Id.*  On October 30, 2024, plaintiff alleges he filed his lawsuit in state court against CARS for violating his First Amendment rights.  *Id.* ¶ 16.  On November 20, 2024, plaintiff filed a lawsuit against Ingraham in New York Supreme Court, Tompkins County for breach of contract alleging she disclosed his confidential health information and requesting the Court issue an injunction "blocking the arraignment of the case #24100038[.]"  *Id.* ¶¶ 18, 19.  The next day, plaintiff contends he was granted an adjournment as to this arraignment.  *Id.* ¶ 19.

On December 9, 2024, plaintiff contacted the Town seeking further adjournment of his arraignment but was denied.  *Id.* ¶ 23.  Plaintiff  replied: "If you take my liberty, I will make sure to take my life first."  *Id.* ¶ 24.  Later this same day, plaintiff encountered issues making payment at a parking garage machine in Ithaca, New York and contacted law enforcement.  *Id.* ¶

---

[1] But plaintiff does not specify if this was Ingraham or another individual.

25.  When the Ithaca Police Department arrived, plaintiff told them he would be suing the City of Ithaca for the machine's failure to accept his form of payment.  *Id.* ¶ 27.  Plaintiff contends these police officers then harassed him and held him against his will for approximately one hour, at which time the New York State Police arrived on the scene to question plaintiff.  *Id.* ¶ 28.  When plaintiff asked to leave and declined to consent to the interaction with the NYSP, he alleges that a state trooper told him that he was being detained pursuant to the New York Mental Hygiene Law.  *Id.* ¶ 30.

Plaintiff asserts this interaction was an act of retaliation in response to his threat to sue the City of Ithaca over the parking machine.  Compl. ¶ 30.  Benjamin also alleges that the NYSP arrived after being "contacted by Owego state police" to put out a bulletin identifying plaintiff as a suspect.[2]  *Id.* ¶ 28.  During this encounter, plaintiff alleges he: (1) clarified to NYSP that he never wanted to harm himself or others; (2) made multiple outside calls to police from inside his vehicle because he was alarmed by the circumstances; (3) was never read his *Miranda* rights; (4) ultimately surrendered to NYSP under his own accord; and (5) was "taken to CMC" for a mental health evaluation.  Plaintiff was released two hours later.  *Id.* ¶¶ 32, 34, 37, 39.

---

[2]  As best as this Court can tell from plaintiff's complaint, which is quite vague, a bulletin was put out as a result of his call to Town of Triangle where his adjournment request was denied.  It appears this generated concern as to plaintiff's well-being.

Plaintiff brings claims against the following defendants: (1) CARS for defamation, violation of "CFR42 part 2" and HIPAA, violation of his civil rights including his Fourth Amendment right to privacy; (2) both the City and Town of Ithaca for "failure to obey, respect, and uphold" the U.S. Constitution, defamation of character, and, solely as to the City of Ithaca, claims for failure to accept legal tender and unlawful detention without cause; (3) the New York State Police for "promoting a suicide attempt," harassment, false arrest, and civil rights violations; (4) Town of Triangle for defamation of character, failure to respect federal law, violation of his civil right to privacy, and violation of federal confidentiality law and HIPAA; and (5) New York State for failure to uphold the U.S. Constitution, for enforcing state laws in violation of plaintiff's First and Fourteenth Amendment rights, and for violating his HIPAA privacy rights.  Compl. at 7–8.[3]

The Town now moves, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted.  Defendant argues that: (1) they are entitled to judicial immunity; (2) plaintiff failed to serve a notice of claim as to his state law claims; (3) plaintiff has failed to identify a custom or policy which violated his privacy rights; (4) HIPAA does not give plaintiff a private right of

---

[3] Pagination corresponds to CM/ECF headers.

action; and (5) plaintiff's complaint was not properly served. Dkt. No. 10-1 at 3–10.

## III. <u>LEGAL STANDARD</u>

### A. <u>Rule 12(b)(6)</u>

To survive a Rule 12(b)(6) motion to dismiss, the complaint's factual allegations must be enough to elevate the plaintiff's right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). So while legal conclusions can provide a framework for the complaint, they must be supported with meaningful allegations of fact. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In short, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

To assess this plausibility requirement, the court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In doing so, the court generally confines itself to the facts alleged in the pleading, any documents attached to the complaint or incorporated into it by reference, and matters of which judicial notice may be taken. *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016) (quoting *Concord Assocs., L.P. v. Ent. Props. Tr.*, 817 F.3d 46, 51 n.2 (2d Cir. 2016)).

## IV. __DISCUSSION__

### A. __§ 1441 Removal__

As a threshold matter, and in light of plaintiff's failure to bring any

opposition to removal or to the instant motion to dismiss, the Court will

determine whether removal was proper in this matter. Defendant filed a

notice of removal, Dkt. No. 1, pursuant to 28 U.S.C. § 1441. This statute

states, in part:

> Except as otherwise expressly provided by Act of
> Congress, any civil action brought in a State court of
> which the district courts of the United States have
> original jurisdiction, may be removed by the defendant
> or the defendants, to the district court of the United
> States for the district and division embracing the place
> where such action is pending.

28 U.S.C. 1441(a). Defendant contends that the Court has subject matter

jurisdiction because plaintiff's complaint presents a federal question arising

under the Constitution, law, or treaties of the United States, as is required to

find original jurisdiction pursuant to 28 U.S.C. § 1331. Dkt. No. 1 at 2.

Defendant argues that plaintiff's complaint asserts violations of, *inter alia*,

federal confidentiality laws, HIPPA, his Fourth Amendment right to privacy,

and his Fifth Amendment due process rights, along with claims of unlawful

detainment, abuse of power, and defamation. Defendant asserts they have

complied with all procedures for removal pursuant to 28 U.S.C § 1446.

"In determining whether a petition establishes the existence of a federal question, removal based on federal question jurisdiction is improper unless a federal claim appears on the face of a well-pleaded complaint." *Town of Salina, N.Y. v. CWP Syracuse I LLC*, 2025 WL 2050974, at *13 (N.D.N.Y. July 22, 2025) (quoting *Four Keys Leasing & Maint. Corp. v. Simithis*, 849 F.2d 770, 773 (2d Cir. 1988)).  But "federal jurisdiction exists if a court must apply federal law to the plaintiff's claim in order to decide the case." *Tantaros v. Fox News Network*

Upon review, Court agrees that removal is proper in this matter. Plaintiff's complaint clearly centers around alleged violations of his constitutional rights.  Accordingly, the Court will proceed to the substantive arguments raised by the Town in their papers.

## B. <u>Judicial Immunity</u>

Defendant Town of Triangle argues they are entitled to judicial immunity and request dismissal from this matter.  As best as this Court can discern, plaintiff broadly alleges violated his rights when it accepted the filing of an accusatory instrument filed against him, invading his confidential private health information and defaming him.  While plaintiff has not provided any specifics as to why he names the Court directly, a review of the complaint suggest his claims are directed at either, or both, a judicial officer or another member of the Town's court staff.

"It is well settled that judges generally have absolute judicial immunity from suits for money damages for their judicial actions." *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009) (cleaned up). The immunity doctrine applies "even when the judge is accused of acting maliciously and corruptly," *Imbler v. Pachtman*, 424 U.S. 409, 419 n.12 (1976), or where "the act he took was in error . . . or was in excess of his authority." *Mireles v. Waco*, 502 U.S. 9, 12–13 (1991 (quoting *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)).

Even further, judicial immunity may extend to persons aside from a judge "who perform functions closely associated with the judicial process." *McKnight v. Middleton*, 699 F. Supp. 2d 507, 525 (E.D.N.Y. 2010), *aff'd,* 434 F. App'x 32 (2d Cir. 2011) (quoting *Cleavinger v. Saxner*, 474 U.S. 193, 200, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985)). Indeed, absolute judicial immunity protects court clerks in the performance of tasks "which are judicial in nature and an integral part of the judicial process." *McKnight*, 699 F. Supp.2d at 525 (quoting *Rodriguez v. Weprin,* 116 F.3d 62, 66 (2d Cir.1997)).

Though plaintiff's claims as to the Town are quite vague, plaintiff's claims center around the Town's acceptance of an accusatory instrument containing confidential private health information related to plaintiff. Further, the Town denied plaintiff's request for an adjournment of his arraignment on December 9, 2024. However, both of the alleged actions taken by the Town are acts which are clearly judicial in nature. The granting and denial of

adjournments and the acceptance of court filings are integral parts of the judicial process. Even if plaintiff were to have alleged malicious or corrupt conduct by the Town, which he has not, his claims would still fail on immunity grounds. Therefore, the Court finds the Town to be properly immune from plaintiff's claims, and they will be dismissed with prejudice.

Given plaintiff's claims against the Town must fail on immunity grounds and, aside from addressing issues of service as to plaintiff's complaint discussed *infra*, the Court declines to address the remainder of the Town's arguments. But the Town has indeed raised relevant issues regarding the service of process in this matter that the Court will tend to now.

### B.  Insufficient Service of Process

The Town, in their motion papers, separately argues that plaintiff failed to properly serve his complaint in New York Supreme Court, Tompkins County. Though this issue is moot as to the Town given their immunity from suit, the Court is nonetheless unaware at this point whether surviving defendants have ever been served with anything in this matter, in either state or federal court, prior to the Town's notice of removal. What is clear is the remaining defendant have not appeared before the Court in the eight months that have followed.

Accordingly, plaintiff has ten (10) days from being served with this Decision & Order to file a status report with this Court indicating the

following as to the complaint initially filed in state court: 1) whether each remaining defendant was served with a copy of the complaint; 2) when and how plaintiff served each remaining defendant with the complaint, including proofs of service; and 3) whether plaintiff filed affidavits of service in state court. If plaintiff indicates that he did not serve fefendant, In the event that plaintiff fails to timely file this requested status report, his complaint will be dismissed without prejudice.

## V. **CONCLUSION**

Therefore, it is

ORDERED that

1. The Town's motion to dismiss (Dkt. No. 10) is GRANTED;

2. Plaintiff's complaint is DISMISSED with prejudice as to the Town;

3. The Clerk is directed to enter partial judgment as to the Town;

4. Within ten (10) days of being served with this Decision & Order, plaintiff shall file a status report with the Court indicating: 1) whether each surviving defendant was served with a copy of the complaint; 2) when and how plaintiff served each surviving defendant with a copy, including proof of service; and 3) whether plaintiff filed affidavits of service in state court;

5. If plaintiff's status report indicates that he has not served the remaining defendants, he will have thirty (30) days from his receipt of this Decision & Order to serve remaining defendants; and

6.  In the event that plaintiff fails to timely file this status report or otherwise comply with this Decision & Order, plaintiff's complaint will be DISMISSED, and the Clerk is directed to close the file at that time without further order of the Court.

The Clerk of the Court is directed to enter a partial judgment dismissing the Town, terminate the pending motion, and set deadlines accordingly.

IT IS SO ORDERED.


David N. Hurd
U.S. District Judge

Dated:  November 12, 2025
        Utica, New York.